IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

RECEIVED
USDC, CLERK CHARLESTON, SC

2012 MAR 21  A 8: 48

| | |
|---|---|
| Donna Marie Short, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 3:10-3275-SB |
| ) | |
| Michael J. Astrue, ) | |
| Commissioner of Social Security, ) | **ORDER** |
| ) | |
| Defendant. ) | |

This matter is before the Court upon the Plaintiff's action pursuant to 42 U.S.C. §§ 405(g) and 1383(c)(3), to obtain judicial review a final decision of the Commissioner of Social Security, which denied the Plaintiff's claims for Supplemental Security Income ("SSI") and Disability Insurance Benefits ("DIB"). Pursuant to Local Civil Rule 73.02(B)(2)(a), D.S.C., this matter was referred to United States Magistrate Judge Joseph R. McCrorey for initial review.

On March 1, 2012, Magistrate Judge McCrorey issued a report and recommendation analyzing the Plaintiff's complaint and determining that the Commissioner's decision is not supported by substantial evidence and is not correct under controlling law. Accordingly, Magistrate Judge McCrorey recommended that the Court remand the matter to the Commissioner and instruct the Commissioner: to determine the Plaintiff's mental and physical residual functional capacity; to evaluate the opinion of the Plaintiff's treating physician; and to evaluate the Plaintiff's credibility in light of all the evidence.

Under 28 U.S.C. § 636(b), a dissatisfied party has fourteen days in which to file

written objections to a report and recommendation. On March 7, 2012, however, the Commissioner filed a notice indicating that he will not file objections to the R&R. The Court has not received any objections from the Plaintiff.

Absent timely objection from a dissatisfied party, a district court is not required to review, under a de novo or any other standard, a Magistrate Judge's factual or legal conclusions. Thomas v. Arn, 474 U.S. 140, 150 (1985). Here, because no objections were filed, there are no portions of the report and recommendation to which the Court must conduct a de novo review.

Based on the foregoing, it is hereby

**ORDERED** that the R&R (Entry 19) is adopted and specifically incorporated herein; the Commissioner's decision is reversed pursuant to sentence four of 42 U.S.C. §§ 405(g) and 1383(c)(3); and this matter is remanded to the Commissioner for further proceedings consistent with the R&R.

**IT IS SO ORDERED.**

Sol Blatt, Jr.
Senior United States District Judge

March *19*, 2012
Charleston, South Carolina